962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abraham T. YANG, Petitioner-Appellant,
v.
James ROWLAND, Director, et al., Respondents-Appellees.
 No. 89-55659.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 7, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abraham T. Yang, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against prison officials as frivolous. Yang alleged that prison officials failed to provide adequate treatment of his medical needs in violation of the eighth amendment. We review de novo the district court's sua sponte dismissal of an action prior to service of process, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Here, Yang alleges that prison officials deprived him of adequate medical care by refusing to take him to a hospital for treatment, causing delays before he was seen by medical staff, causing delays before prescribed medication was dispensed, providing medical treatment by medical technical assistants ("MTA") instead of doctors, and failing to prescribe proper medication for dizziness. Yang also alleges that prison officials disciplined him for filing grievances regarding medical care. The district court dismissed Yang's original complaint, giving him notice of deficiencies and opportunity to amend. Yang then filed an amended complaint. The district court dismissed the amended complaint and action as frivolous.
 
 
 5
 Yang alleges various instances of inadequate medical treatment from April 1987 through 1988. The claims Yang raises regarding events which took place in 1987 and early 1988 are substantially identical to claims Yang raised in an earlier section 1983 action. Yang v. McCarthy, No. CV-87-4971-AHS(B), (C.D.Cal. Sept. 7, 1988), aff'd, No. 88-6525, unpublished memorandum (9th Cir. Mar. 6, 1990). Under the doctrine of res judicata, a final judgment on the merits, rendered by a court of competent jurisdiction, is conclusive and constitutes an absolute bar to a subsequent action involving the same claim or cause of action. Montana v. United States, 440 U.S. 147, 153 (1979). Thus, Yang is barred from relitigating these claims. See id.
 
 
 6
 Yang's remaining claims concern alleged delays in medical attention and dispensing of medication, treatment by MTAs, refusal to take Yang to a hospital, and allegedly inadequate treatment of Yang's dizziness. "In order to state a cognizable [civil rights] claim, a prisoner must allege acts or admissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; inadequate treatment due to negligence or inadvertence, or differences in judgment between an inmate and medical personnel do not constitute cruel and unusual punishment. Id.; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 7
 Here, Yang's allegations establish that he has received medical attention for all of his problems. At most, Yang's allegations could amount to negligent medical treatment or a difference of opinion as to proper treatment. See Estelle, 429 U.S. at 106; Franklin, 662 F.2d at 1344. Because Yang's claims fail to establish a constitutional violation, his complaint lacks an arguable basis in law. See Jackson, 885 F.2d at 640.
 
 
 8
 Finally, Yang makes vague allegations that prison officials disciplined him for filing grievances regarding his medical treatment. Disciplinary actions by prison officials imposed in retailation for a prisoner's exercise of his right to seek redress of grievances may violate that prisoner's first amendment right of access to the courts. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). "Challenges to restrictions of first amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners." Rizzo, 778 F.2d at 532.
 
 
 9
 Here, the record shows that Yang filed numerous, nearly identical grievances within a short period of time, and that because of this, prison officials did not immediately respond to his grievances. Filing numerous similar grievances constitutes an abuse of the grievance system, and the delay in responding to these grievances is necessitated by the legitimate goal of internal order and discipline. See id. Thus, from the face of Yang's complaint, it appears that the delay in processing Yang's grievances did not constitute discipline in violation of his constitutional rights. See id. Further, Yang failed to allege any facts describing any other disciplinary action taken against him. See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984) (complaint reciting bare legal conclusions with no suggestion of supporting facts is frivolous). Accordingly, the district court properly dismissed Yang's complaint. See Jackson, 885 F.2d at 640.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3