977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lincoln Lane ADDLEMAN, Jr., Plaintiff-Appellant,
v.
WASHINGTON STATE; Lynn Lodmell, Acting Director
Institutional Industries; Paul Leeburg, Cus,
Washington State Reformatory, et al.,
Defendants-Appellees.
 No. 91-35008.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 2, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Addleman, a Washington state prisoner, appeals pro se an order of the district court dismissing his 42 U.S.C. § 1983 claim as frivolous under 28 U.S.C. § 1915(d). The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.
 
 
 3
 Addleman's complaint set out two causes of action. First, he alleged that a group of prisoners, at the direction of prison officials, had made copies of his computer software and instruction manuals in violation of his constitutional rights. Second, Addleman contends that prison officials had retaliated against him for filing grievances and helping other prisoners pursue legal claims.
 
 
 4
 We review a dismissal pursuant to section 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1730 (1992). A complaint is frivolous within the meaning of section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A district court has authority to dismiss a claim based either on "an indisputably meritless legal theory," id. at 327, or on an "irrational or ... wholly incredible" factual allegation. Denton, 112 S.Ct. at 1733. Moreover, in this circuit, dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989); Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.), cert. denied, 488 U.S. 995 (1988).
 
 
 5
 A deprivation of property is not cognizable under section 1983 when a state's post-deprivation remedies are adequate to protect a victim's procedural due process rights. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, Washington state tort law provides Addleman with an adequate remedy to satisfy his alleged deprivation of property. See Wash.Rev.Code § 4.92. Thus, the district court properly dismissed Addleman's first claim.
 
 
 6
 In his complaint, Addleman alleged that prison officials had retaliated against him for filing grievances. In his motion to amend the judgment of the district court, Addleman further alleged that prison officials released his name to prison inmates each time he filed a grievance, and, as a result, the inmates verbally assaulted him. Addleman also claims that prison officials wrongfully took classification and disciplinary action against him.
 
 
 7
 We hold that the district court abused its discretion by dismissing Addleman's retaliation claim. By retaliating against an inmate for exercising his right to seek redress of his grievances, prison officials interfere with that inmate's access to the courts. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.1985). Although it is impossible to tell at present if Addleman will be able to provide the factual basis to support his allegations of retaliation, his claims are not obviously fanciful or absurd. See Denton, 112 S.Ct. at 1733. Accordingly, the district court erred by dismissing the retaliation claim without leave to amend.
 
 
 8
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3