985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brad William WINKLER, Plaintiff-Appellant,
v.
McCARTHY, ET AL., Defendants-Appellees.
 No. 92-15026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Jan. 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-89-00089-REC; Oliver W. Wanger, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before ALAN E. NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Winkler's civil rights action under 42 U.S.C. § 1983 was dismissed as frivolous under 28 U.S.C. § 1915(d). A frivolous claim is one which "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989). The dismissal of an in forma pauperis claim on the ground that it is frivolous is reviewed for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 3
 First, Winkler seeks damages for negligent or intentional nondelivery and opening of mail by prison employees. From the affidavits, including those from other prisoners, and documents in the record from prison officials, one can conclude that Winkler has valid claims. However, Winkler fails to allege that any of the named defendants were in any way responsible for the problems with the mail. Also, as the magistrate-judge's report makes clear, California has adequate post-deprivation remedies in tort to protect Winkler's property rights. Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 4
 Second, Winkler claims that he was physically and verbally harassed in retaliation for filing the mail lawsuit. As to the physical harassment, despite being given two opportunities by the district court to amend the complaint, Winkler did not name the lieutenant who allegedly instigated the attack by inmate Scott.
 
 
 5
 Normally, verbal harassment does not amount to a constitutional violation, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987), but when that harassment is in retaliation for a citizen's use of the court system, there is a constitutional violation. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989); Rizzo v. Dawson, 778 F.2d 527, 530-531 (9th Cir.1985). Accordingly, this claim is not legally frivolous. Again, however, the affidavits are not specific enough to support claims against any defendant. Winkler does not specify what was said to him by whom that would constitute verbal harassment.
 
 
 6
 Winkler also claims that two officers conspired to write him up for tardiness in retaliation for his use of the legal process. However, the tardiness reports predated Winkler's suits.
 
 
 7
 Third, Winkler states that his cell was torn up and property destroyed, subsequent to the filing of his lawsuit. The record indicates that Winkler's complaint regarding that property occurred in 1987, two years before the lawsuit was filed. Again, Winkler has a state law remedy in tort for the value of the property destroyed.
 
 
 8
 Fourth, Winkler was frightened when he awoke to find an officer in his cell with a knife which the officer used to cut down a cord in the cell. According to Winkler, the officer should have had the prisoner leave the cell before he entered. There is no constitutional right to not have an officer enter a cell when a prisoner is present. Cf. Hudson v. Palmer, 468 U.S. 517, 527-528 (1984) (prisoner has no reasonable expectation of privacy in cell). Winkler does not point to any violation of prison regulations which may have given him an expectation otherwise, nor does he allege that the officer had any intent to threaten or intimidate him with the knife.
 
 
 9
 Both the magistrate-judge and the district judge reviewed this complaint. Winkler had two opportunities to amend, after the inadequacies of the complaint were briefly outlined both times. We affirm the district court's determination that Winkler's claims are frivolous.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3