977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe Clarence SMITH, Jr., Plaintiff-Appellant,
v.
Sam SUBLETT, Deputy Warden; Lt. Mincey, Special Services,
Cell Block 6; Sgt. Hinkle, Property Room
Supervisor, Cell Block 6; CSO Ramirez,
Unit Supply Officer Cell Block
6, Defendants-Appellees.
 No. 91-16129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe C. Smith, Jr., an Arizona state prisoner, appeals pro se the district court's summary judgment in his civil rights action against various prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm in part and vacate and remand in part.
 
 
 3
 * Standard of Review
 
 
 4
 Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catratt, 477 U.S. 317, 323 (1986). The moving party must demonstrate there is no genuine issue of material fact. Celotex, 477 U.S. at 324. When reviewing summary judgment, this court views the evidence in the light most favorable to the nonmoving party. California Rural Legal Assistance, Inc. v. Legal Servs. Corp., 917 F.2d 1171, 1174 (9th Cir.1990).
 
 II
 Background
 
 5
 Smith filed a complaint against Arizona State Prison Complex Unit Deputy Warden Samuel Sublett, Lieutenant Glenn Mincey, Sergeant Clarence Hinkle, and Correction Service Officer Martin Ramirez. Smith alleged the prison officials, in their official and individual capacities, conspired to deprive him of his legal material. Smith alleged the prison officials destroyed, removed, or stole three boxes of legal materials in retaliation for his having filed various administrative grievances and/or having assisted the American Civil Liberties Union in pending actions against the prison officials. Smith sought declaratory and injunctive relief as well as compensatory and punitive damages.
 
 
 6
 The district court dismissed Smith's action against Sublett and against the prison officials in their official capacities. The district court then granted the prison officials' motion for summary judgment. Smith timely appealed.
 
 III
 Sublett
 
 7
 Smith based his claims against Sublett on a respondeat superior theory. Smith contends the district court erred by dismissing his action against Sublett because Sublett was aware of the prison officials' actions. This contention lacks merit.
 
 
 8
 Respondeat superior does not apply in section 1983 cases. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc) (official may not be held liable under section 1983 on a theory of respondeat superior), cert. denied, 112 S.Ct. 972 (1992). Therefore, the dismissal of the action against Sublett was proper. See id.
 
 IV
 Prison Officials in Official Capacities
 
 9
 Smith's complaint named prison officials as defendants in their official and individual capacities. A suit against a state official in his official capacity is barred by the Eleventh Amendment. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 101 (1984). Therefore, the district court properly dismissed the action to the extent Smith sought damages from the prison officials in their official capacities. See id.
 
 V
 Prison Officials in Individual Capacities
 A. Denial of Access to Court
 
 10
 Smith contends the district court erred by granting summary judgment because the destruction or misplacement of three boxes of his legal material has either denied him access to court or actually prejudiced his legal actions. This contention lacks merit.
 
 
 11
 The Constitution requires that inmates be given "meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). An inmate who does not claim an inadequate law library or inadequate legal assistance must allege "actual injury" to court access to state a claim for denial of access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury consists of a specific instance in which a plaintiff was actually denied access to the courts. Id.
 
 
 12
 Here, Smith has failed to allege or offer evidence of actual injury to court access. In his complaint, Smith made a conclusory allegation that the prison officials' actions prevented him from litigating an earlier section 1983 action. Although Smith's affidavit stated that he was missing three boxes of legal material, it did not identify any actual injury. See id. Because there is no genuine issue of a material fact concerning actual injury to Smith's court access or prejudice to a pending action, the district court properly granted summary judgment on this claim. See Celotex, 477 U.S. at 323.
 
 B. Retaliation
 
 13
 Smith contends the district court erred by granting summary judgment on his claim that prison officials conspired to deprive him of his legal material in retaliation for his filing administrative grievances and assisting the ACLU with a pending lawsuit. This contention has merit.
 
 
 14
 To state a cause of action under 42 U.S.C. § 1983, a plaintiff must demonstrate that defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. 42 U.S.C. § 1983; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). The Constitution protects one's right to petition the government for redress of grievances. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). "Deliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983." Id.
 
 
 15
 Retaliation by prison officials may chill an inmate's exercise of his first amendment right to redress his grievances and is actionable under section 1983, even if such conduct does not otherwise rise to the level of a constitutional violation. See Thomas v. Carpenter, 881 F.2d 828, 830 (9th Cir.1989), cert. denied, 494 U.S. 1028 (1990) and 110 S.Ct. 3236 (1990). Accord Smith v. Maschner, 899 F.2d 940, 948 (10th Cir.1990) (" 'an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper.' ") (quoting Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir.1978), cert. denied, 440 U.S. 916 (1979)). Conduct used to discourage rights under the first amendment " 'need not be particularly great in order to find that rights have been violated.' " Thomas, 881 F.2d at 830 (quoting Elrod v. Burns, 427 U.S. 347, 359 n. 13 (1976)). Potential liability depends upon the motivation behind the prison officials' actions. Soranno's, 874 F.2d at 1316.
 
 
 16
 In a section 1983 action, the plaintiff bears the burden of establishing that the actual "substantial" or "motivating" factor behind the deprivation of constitutional rights was retaliation for exercising legal rights. Id. at 1314 (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). Accord Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988) (inmate bringing section 1983 retaliation action against prison officials must allege "a chronology of events from which retaliation may plausibly be inferred"). Circumstantial evidence is adequate to meet the plaintiff's initial burden of proof. Soranno's, 874 F.2d at 1315-16. Accord Smith, 899 F.2d at 949 ("circumstantial evidence of the suspicious timing of his discipline, coincidental transfers of his witnesses and assistants, and an alleged pattern by defendants of blocking his access to legal materials and assistance" sufficient to allow a jury to reasonably conclude prison officials acted in retaliation). After the plaintiff has made this showing, the burden shifts to the defendant to establish that it would have acted similarly even in the absence of plaintiff's constitutionally protected conduct. See Mt. Healthy, 429 U.S. at 287.
 
 
 17
 Here, Smith based his retaliation claim on his allegation that prison officials interfered with his access to his legal material in response to his redress of grievances. Smith presented a chronology of events from which one could infer prison officials interfered with Smith's access to his legal material in retaliation for Smith's exercise of his right to redress grievances. Smith provided an affidavit in which he declared that a prison official instructed him to transfer the contents of his legal boxes into newly numbered boxes. He also declared that several boxes of his legal material either were not sealed or had their seals broken. An affidavit by a fellow inmate stated that one prison official told Smith he was "doing too much research." Smith also provided a transcript of a May 3, 1990 conversation with a prison official who stated that three of Smith's legal boxes were missing. Additionally, Smith presented copies of 34 retrieval requests, dated between March 30, 1990 and December 9, 1990, which sought two boxes of his legal material. Viewed in the light most favorable to Smith, this evidence suggests that Smith's redress of his grievances was a "motivating" factor behind the prison officials' obstruction of his access to three boxes of his legal material. See Soranno's, 874 F.2d at 1315.
 
 
 18
 The burden therefore shifted to the prison officials, who could not merely deny that they obstructed Smith's access to his legal material. See Valandingham v. Bojorquez, 866 F.2d 1135, 1137-38 (9th Cir.1989).
 
 
 19
 In rebuttal, prison officials submitted affidavits stating that Smith's three boxes of legal material had been misplaced temporarily on March 26, 1990 and had been found on March 28, 1990. The affidavits also stated that Smith had never requested the boxes. These affidavits controverted Smith's evidence, which included copies of numerous requests for his legal material. The affidavits also stated that prison officials took no action in retaliation against Smith.
 
 
 20
 There is a genuine issue of fact as to whether Smith was denied access to his boxes of legal material. See Celotex, 477 U.S. at 323. Moreover, this question is one of a material fact.[1] See id. at 324. The prison officials' failure to inform Smith of the location of his boxes and failure to provide Smith access to the boxes would support the inference that they interfered with Smith's access to these boxes in retaliation for Smith's redress of his grievances. See Soranno's, 874 F.2d at 1315. Therefore, summary judgment on Smith's retaliation claim was improper. See id.
 
 
 21
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court found there was a question of fact as to whether the prison officials obstructed Smith's access to his boxes of legal material but that such question was immaterial. Although it is immaterial to a court access claim, it is material to a retaliation claim