5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Colvin McCRIGHT, Plaintiff-Appellant,
v.
J.C. SIMMS, J.C. Jackson, Daniel Vasquez, D. Wooten, et al.,
Defendants-Appellees.
 No. 92-15729.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 7, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Colvin McCright, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendants, various San Quentin Prison officials, in his 42 U.S.C. Sec. 1983 action.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and affirm.
 
 
 3
 A summary judgment must be affirmed "only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Id. (quoting Fed.R.Civ.P. 56(c)). "The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial." Id. (citation omitted).
 
 Retaliation
 
 4
 McCright alleged that Defendants Simms and Vasquez placed him in administrative segregation for sixty-four days in retaliation for filing an action against prison guards. When prison officials retaliate against an inmate for pursuing his legal actions, they interfere with his constitutional right of access to the courts. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). Moreover, such retaliation can be the basis for a first amendment claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985).
 
 
 5
 Here, defendants presented evidence that McCright was one of approximately fifty inmates that Simms placed in administrative segregation pending investigation of a rumor that inmate members of an African-American gang known as the PIRU were planning to attack Southern Mexican gang members. Defendants presented evidence that Simms, unaware that McCright had filed an action against prison officials, included him in the sweep because information in his file indicated he might be a PIRU sympathizer. McCright contends that Simms knew about his lawsuit and that the information in his file was fabricated, but he presented no specific evidence to support these contentions or to link Vasquez to the alleged violations. McCright therefore failed to show the existence of a genuine issue of fact on this claim. See Harper, 877 F.2d at 731.
 
 Denial of Access
 
 6
 McCright also alleged that while he was in administrative segregation his legal materials were confiscated from his cell and lost, violating his right of access to the courts. In a denial of access claim, when an inmate does not allege denial of access to a law library or alternative source of legal knowledge, the inmate must show an actual injury. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 7
 The defendants presented uncontroverted evidence that after McCright was released from administrative segregation, copies of his lost papers were obtained for him. Summary judgment was appropriate on this claim because McCright failed to present evidence that he missed any court deadlines or suffered an actual injury with respect to his case. See id.
 
 Eighth Amendment
 
 8
 McCright also alleged that while he was in administrative segregation, Defendants Wooten and Jackson assigned him to an exercise yard that was not affiliated with a gang in deliberate indifference to the possibility that McCright, labelled by prison officials as a PIRU sympathizer, would be subject to attack by Southern Mexican inmates in the nonaffiliated yard.
 
 
 9
 "A prisoner may state a section 1983 claim under the eighth and fourteenth amendments against prison officials where the officials acted with 'deliberate indifference' to the threat of serious harm or injury by another prisoner." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). The deliberate indifference standard requires a finding that the official had more than a mere suspicion that an attack would occur. Id. Moreover, an inmate must show some causal connection between the official's deliberate indifference and an eighth amendment deprivation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988).
 
 
 10
 Here, defendants presented evidence that they assigned McCright to the nonaffiliated yard pursuant to custom and practice, and that the yard was safer than a gang-affiliated yard. Defendants also presented uncontroverted evidence that McCright refused to express a yard preference, failed to inform them that he feared for his safety in the nonaffiliated yard, and failed to object to his yard assignment. McCright presented no specific evidence that he was injured as a result of the yard assignment. Summary judgment with respect to this claim was therefore appropriate. See id. at 634; Berg, 794 F.2d at 460.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McCright also appeals the denial of his motions for further discovery and sanctions. Because the record was well developed before summary judgment and the defendants substantially complied with McCright's discovery requests, the district court did not abuse its discretion in denying McCright's motions. See British Airways v. Boeing Co., 585 F.2d 946, 954 & n. 12 (9th Cir.1978), cert. denied, 440 U.S. 981 (1979)
 
 
 [2]
 McCright's remaining claims, alleging a conspiracy by all defendants and vicarious liability against Warden Vasquez, also fail for lack of specific evidence. See Harper, 877 F.2d at 731