12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Anthony AVINA, Plaintiff-Appellant,
v.
J. ZOLEZZI, Defendant-Appellee.
 No. 93-55602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James A. Avina, a California state prisoner, appeals pro se the district court's grant of summary judgement in favor of Jenina Zolezzi, a medical technical assistant employed by the California Department of Corrections, in his 42 U.S.C. Sec. 1983 action. Avina contends that the district court erred in holding that he was not retaliated against for exercising his First Amendment rights. We have jurisdiction under 28 U.S.C. Sec. 1291 and review de novo. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). We affirm.
 
 
 3
 Summary judgment is appropriate if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Smolen, 921 F.2d at 963. If the nonmoving party bears the burden of proof at trial, he must establish each element of his claim with " 'significant probative evidence tending to support the complaint.' " Id. (quoting T.W. Elec. Serv., Inc. v. Pacific. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987)).
 
 
 4
 To state a retaliation claim under 42 U.S.C. Sec. 1983, a prisoner must show that (1) the activity he has engaged in is constitutionally protected and (2) prison authorities have impermissibly infringed upon his engagement in the protected activity. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985). The prisoner must also show that the alleged retaliatory action does not advance legitimate penological goals or is not narrowly tailored to achieve such goals. Id. at 532. Preserving institutional order and discipline is a legitimate penological goal. Id.
 
 
 5
 Avina alleges that Zolezzi cited him for a rule violation in retaliation for his filing of an inmate grievance appeal. Avina has a constitutional right to petition prison and government officials for redress of grievances. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). However, he has failed to present any probative evidence that Zolezzi has impermissibly infringed upon this right. See Rizzo, 778 F.2d at 531. Avina argues that Zolezzi's action is necessarily retaliatory because it was undertaken immediately after he filed his grievance. However, this fact alone is not sufficient to prove retaliation. Cf. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir.1989) (timing of adverse action was one of several factors supporting a finding of retaliation). Moreover, Zolezzi submitted an affidavit stating that she was not aware of Avina's inmate appeal when she began her incident report.
 
 
 6
 Because Avina has failed to present evidence of retaliation to create a genuine issue of material fact, the district court properly granted Zolezzi's summary judgment motion. See id.; Smolen, 921 F.2d at 963.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Avina's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3