107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph J. HAYES, Plaintiff-Appellant,
v.
Augie LOPEZ, Program Administrator; D.N. Sayer,
Correctional Officer; C.L. Parson, Correctional
Officer; C.J. Williams, Defendants-Appellees.
 No. 95-17420.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Joseph J. Hayes appeals pro se the district court's summary judgment in Hayes's 42 U.S.C. § 1983 action alleging that defendants retaliated against him for, among other things, filing administrative appeals in 1992 which led to improved prison conditions at Pelican Bay State Prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm in part, reverse in part, and remand.
 
 
 3
 Hayes contends that the district court erred by granting summary judgment on his claims that defendants, in response to Hayes's 1992 administrative appeals, retaliated against him by: (1) calling him "Sergeant Hayes" to label him as an informant; (2) searching his cell after he complained about missing lunch items; (3) marking his sack lunches before distribution to indicate that no items were missing; (4) issuing him allegedly false disciplinary reports; (5) assaulting him in March 1993; and (6) denying his requests for specific cell mates. These contentions lack merit.
 
 
 4
 A prisoner suing for retaliation under section 1983 must demonstrate that prison officials retaliated against him for exercising his constitutional rights, and the retaliatory action did not advance legitimate penological interests, such as the preservation of institutional order, discipline, and security. Id. at 815-16. To demonstrate retaliatory intent, the prisoner must produce evidence establishing that his protected conduct prompted prison officials to engage in the alleged retaliatory action. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir.1995).
 
 
 5
 Here, Hayes failed to demonstrate retaliatory intent by establishing that defendants' allegedly retaliatory conduct was in response to his 1992 administrative appeals. See id. at 807-08. Moreover, the majority of defendants' alleged retaliatory conduct served the legitimate penological interests of preserving institutional order, discipline, and security. See Barnett, 31 F.3d at 816. Accordingly, we affirm the district court's summary judgment for defendants on Hayes's retaliation claims that were based upon his 1992 administrative appeals. See id.; cf. Pratt, 65 F.3d at 808-10.
 
 
 6
 Hayes contends that the district court erred by concluding that he failed to produce any evidence to demonstrate that the alleged assaults on March 9, 1993, were retaliatory. This contention has merit.
 
 
 7
 Here, Hayes produced several affidavits to dispute defendants' assertion that they did not assault Hayes in March 1993 by slamming a tray slot door on his hand and later slamming him into a wall. Hayes's proffered evidence also created an inference that defendants possessed the requisite retaliatory motive when they allegedly assaulted him. See Pratt, 65 F.3d at 808; see also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir.1989). Hayes's affidavits and opposition to defendants' motion for summary judgment set forth specific facts indicating that defendants knew that Hayes had filed at least two administrative appeals against them in March 1993 and that defendants allegedly assaulted him in retaliation for filing these appeals. Viewing the record evidence in the light most favorable to Hayes, we conclude that he has demonstrated a triable issue of material fact to withstand summary judgment on his retaliatory assault claims. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir.1989); Morgan, 874 F.2d at 1315-16. Accordingly, we reverse the district court's summary judgment on Hayes's retaliatory assault claims that were based upon his March 1993 administrative appeals, and we remand for further proceedings.
 
 
 8
 Each side shall bear its own costs on appeal.
 
 
 9
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3