129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James KOOP, Plaintiff-Appellant,
v.
Tom ROLFS; Steven R. Sowers; Dee Ury, Lt.; Janet Reno;
Phil Stanley; Bruce Chunn; Kay Priest; Max Rheinhardt;
K. Shanahan; Robert L. Wright; Kathleen Kaatz; Michael
Leahy; Kelsey Longergan; State of Washington; Jerry
Tauscher, Defendants-Appellees.
 No. 96-35979.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-05743-FDB; Franklin D. Burgess, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Koop, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1983. We review de novo the district court's dismissal of a claim for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm in part, reverse in part, and remand.
 
 
 3
 A district court should not dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief." Id. Unless amendment of a claim would be futile, a pro se litigant is entitled to notice of his claim's deficiencies and an opportunity to amend the claim prior to dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987).
 
 
 4
 Because prisoners have no legitimate expectation of privacy in their cells, the district court did not err by dismissing Koop's claim that he was subjected to frequent and abusive cell searches for failure to state a claim. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984).
 
 
 5
 Because prisoners do not have a constitutionally-guaranteed right to unfettered visitation, the district court did not err by dismissing Koop's claim that prison officials inappropriately removed a visitor from his visitation list for failure to state a claim. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996).
 
 
 6
 Because prison officials may restrict in-coming mail pursuant to a less stringent standard than they use when restricting outgoing mail, see Thornburgh v. Abbott, 490 U.S. 401, 413 (1989), and prison officials may read out-going mail to see if it contains escape plans, threats, or coded messages, see Procunier v. Martinez, 416 U.S. 396, 412-13 (1974), the district court did not err by dismissing Koop's claim that prison officials violated his First Amendment rights by reading his in-coming personal mail for failure to state a claim, see Turner v. Safley, 482 U.S. 78, 89-91 (1987).[1]
 
 
 7
 Because the allegations of Koop's complaint establish that prison officials at both prisons where he was housed had legitimate penological reasons for searching his cell and placing him in administrative segregation, the district court did not err by dismissing his retaliation claim for failure to state a claim. See Barnett, 31 F.3d at 816.
 
 
 8
 Because the allegations of Koop's complaint establish that he received all the process he was due before being placed in administrative segregation, the district court did not err by dismissing his procedural due process claim for failure to state a claim. See Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 9
 Although Koop failed to allege that he suffered an actual injury due to the inadequacy of the prison law library, see Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996), because this is a defect which could be cured by amendment, the district court erred by dismissing this claim without leave to amend, see Noll, 809 F.2d at 1448-49.[2]
 
 
 10
 Because accusing Koop of pressuring fellow inmates for sexual favors may have endangered Koop's physical safety, the allegations of Koop's complaint may state a claim of deliberate indifference to Koop's physical safety in violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Harper v. Wallingford, 877 F.2d 728, 730, 733 (9th Cir.1989) (being identified as a homosexual may expose an inmate to physical violence by other inmates); Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir.1989) (accusing a prisoner of being a "snitch" may create an unsafe environment in violation of the constitution). Insofar as the district court dismissed these claims because Koop failed to allege that prison officials knew of the danger to Koop or that prison officials communicated their accusations to other inmates, and these deficiencies could be cured by amendment, the district court erred by dismissing this claim. See Noll, 809 F.2d at 1448-49.[3]
 
 
 11
 Each party shall bear its own costs on appeal.
 
 
 12
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court also did not err by dismissing Koop's claim that prison officials delivered his mail too slowly. See Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir.1989) (stating that negligence claims do not violate the Due Process Clause)
 
 
 [2]
 Because Koop sought compensatory, declaratory and injunctive relief on his First Amendment claims, the district court erred by concluding that this claim could alternatively be dismissed because Koop's transfer to another prison rendered his request for injunctive relief moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1990). Additionally, because the right to have an adequate law library is clearly established such that a reasonable prison official would know failure to provide such a library would violate the right, the district court erred by granting summary judgment on this claim on qualified immunity grounds. See Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996)
 
 
 [3]
 Because Koop did not seek injunctive relief as to any of the claims we are reversing, we need not reach his contention that the district court erred by not giving him an opportunity to establish that his transfer to another prison did not moot his claims for injunctive relief