131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Richard NEWTON, Plaintiff-Appellant,
v.
MARICOPA COUNTY; Officer Cooper, Deputy Sheriff # A4941
(officially & personally), Defendants-Appellees.
 No. 97-16159.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-95-01228-EHC/SLV.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 CARROLL, J.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Richard Newton, a pre-trial detainee during the events described in his complaint, appeals pro se the district court's summary judgment for defendant Cooper in his 42 U.S.C. § 1983 alleging the use of excessive force.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989). Summary judgment is appropriate only if, after viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See id.
 
 
 4
 Although pre-trial detainees "possess greater constitutional rights than prisoners," Stone v. City & County of San Francisco, 968 F.2d 850, 857 n. 10 (9th Cir.1992), and pre-trial detainees' right to be free from punishment is grounded in the Due Process Clause, we borrow from Eighth Amendment jurisprudence when analyzing the rights of pre-trial detainees, see Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.1991) (en banc); Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 n. 2 (9th Cir.1988) (subsequent history omitted).
 
 
 5
 "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force used was excessive, we look to the "extent of injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).
 
 
 6
 Newton stated in his verified complaint[2] and his affidavit in opposition to summary judgment that defendant Cooper slammed his head against the wall, twisted his arm behind his back, and put handcuffs on him with such force that Newton's wrists were lacerated. Newton stated in his affidavit in opposition to summary judgment that, after defendant Cooper's use of force, his wrists were lacerated and swollen arid that they are now scarred. Newton also stated that he suffers from blurred vision, occassional motor impairment, and memory loss from having his head slammed against the wall.
 
 
 7
 The parties' respective accounts contain no indication that Newton physically resisted being moved to another cell. Defendant Cooper explains in his affidavit that he did not tell Newton why he was being moved because Cooper was afraid other inmates would overhear. Newton stated in his affidavit that Cooper was inside Newton's cell and could have explained the move to Newton without being overheard.
 
 
 8
 Given Newton's statement of the injuries he sustained from Cooper's use of force, given the lack of physical or sustained resistance on Newton's part, and given the conflict in the evidence concerning whether Cooper could have explained the reason for the move to Newton, we conclude that a genuine issue of material fact exists as to whether Cooper's use of force was excessive.
 
 
 9
 Accordingly, we reverse the district court's grant of summary judgment for defendant Cooper and we remand for further proceedings. See Hudson, 503 U.S. at 7; Valandingham, 866 F.2d at 1137.
 
 REVERSED and REMANDED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Newton raises no contention on appeal concerning the district court's dismissal of his claims against Maricopa County
 
 
 [2]
 "A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.' " Keenan v. Hall, 83 F.3d 1083, 1090 n. 1 (9th Cir.1996) (quoting McElyea v. Babbitt, 833 F.2d 196, 197-98 & n. 1 (9th Cir.1987) (per curiam))
 
 
 [3]
 Insofar as Newton appeals the dismissal of his retaliation claim, we conclude that he failed to present any evidence supporting this claim to the district court. See Pratt v. Rowland 65 F.3d 802, 807 (9th Cir.1995)