141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steve M. CASTILLO, Plaintiff-Appellant,
v.
Angie LOPEZ; J. Sanuy, Defendants-Appellees.
 No. 96-16584.
D.C. No. CV-93-04328-CW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Northern District of California Claudia Wilken, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steve M. Castillo, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violations of his First, Eighth, and Fourteenth Amendment rights. Castillo also appeals the district court's denial of his motion for leave to amend his complaint to include an additional defendant. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and for abuse of discretion the district court's denial of leave to amend, see Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir.1986). We affirm in part, reverse in part, and remand.
 
 
 3
 Castillo failed to establish that defendant Lopez lacked a legitimate penological interest or possessed a retaliatory motive for the decision to keep Castillo in segregation one day beyond his sentence. See Pratt v. Rowland, 65 F.3d 802, 806-07 (9th Cir.1995). Castillo failed to establish that Lopez participated in the decision to place Castillo in administrative segregation instead of releasing him to the general population. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (establishing that § 1983 liability must be based on personal participation in the alleged violation). Accordingly, the district court properly granted summary judgment on Castillo's retaliation claim. See Barnett, 31 F.3d at 815.
 
 
 4
 Because Castillo failed to establish that Lopez participated in the decision to place Castillo in administrative segregation, the district court also properly granted summary judgment on Castillo's due process claim. See Taylor, 880 F.2d at 1045.
 
 
 5
 Because Castillo knew all of the facts relating to Lt. Scribner's potential liability for constitutional violations by December 1993, three months prior to filing his first amended complaint, the district court did not abuse its discretion by denying Castillo's April 18, 1995, motion to amend his complaint adding Scribner as a defendant. See Acri, 781 F.2d at 1398 (stating that amendment is disfavored where plaintiff knew facts supporting amendment at time of prior filing but delayed seeking amendment).
 
 
 6
 Castillo also contends that the district court erred by granting summary judgment for defendant Sanuy on Castillo's Eighth Amendment claim of deliberate indifference to his safety. Castillo submitted evidence that Sanuy stated in the presence of other inmates that Castillo was being moved to protective custody. Castillo also submitted evidence that such a statement exposed him to a threat of violence by other inmates. This evidence is sufficient to establish a genuine issue that Sanuy was deliberately indifferent to an obvious risk to Castillo's safety in violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 837, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989) (labelling prisoner a "snitch" violates the prisoner's right to be protected from violence while in custody). Accordingly, the district court improperly granted summary judgment on Castillo's Eighth Amendment claim against Sanuy. See Valandingham, 866 F.2d at 1139.
 
 
 7
 Each party shall bear its own costs on appeal.
 
 
 8
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3