142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard VIEIRA, Plaintiff-Appellant,
v.
CALDERON, Warden; Miranda, Officer; Lee, Sergeant, Dixon,
Sergeant; V. Evans, Property Officer; M.H.
Jensen, Appeals Examiner; B. Garibay,
Chief Inmate Appeals,
 No. 97-15524.
D.C. No. CV-96-00595-CAL.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Charles A. Legge, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Vieira, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging constitutional violations with respect to an allegedly retaliatory cell search and alleged interference with his access to the courts. Vieira also appeals the district court's dismissal of his Eighth Amendment claim of deliberate indifference to his safety and denial of his motion to file a supplemental complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's grant of summary judgment and dismissal for failure to state a claim, Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam), and for abuse of discretion the district court's denial of a motion to file a supplemental complaint, see Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988). We affirm.
 
 
 3
 Vieira stated in his amended, verified complaint that defendant Miranda engaged in a retaliatory cell search. According to Vieira, Miranda left the cell in disarray, destroyed and confiscated personal property (including legal and religious materials), and referred to Vieira as a "snitch" in the presence of other inmates when Vieira complained about the nature of the search. Vieira argues that prison officials interfered with his right of access to the courts when they (a) failed to reply in a timely fashion to his grievances and submitted false reports during the grievance proceedings, (b) failed to return legal materials confiscated during Miranda's cell search, (c) prevented Vieira's access to the law library, (d) prevented Vieira from providing legal assistance to and receiving legal assistance from other inmates, and (e) read and destroyed Vieira's legal mail.
 
 
 4
 With respect to his claim that Miranda engaged in a retaliatory cell search, we conclude that Vieira has failed to establish a genuine issue of material fact as to Miranda's retaliatory motive. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir.1995) (concluding that prisoner failed to establish a retaliation claim when no evidence that prison officials knew of the conduct giving rise to the alleged retaliatory action).
 
 
 5
 With respect to Vieira's claim that prison officials interferred with his right of access to the courts, we conclude that he failed to submit evidence that he has suffered an actual injury to a non-frivolous complaint concerning the fact or conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2178-82, 135 L.Ed.2d 606 (1996).
 
 
 6
 Upon our review of the record, we conclude that Vieira failed to submit evidence establishing that his religious materials were not returned or that his ability to practice his religion was burdened by the confiscation and retention of his religious publications. See Ward v. Walsh, 1 F.3d 873, 878 (9th Cir.1992); Graham v. Commissioner, 822 F.2d 844, 850-51 (9th Cir.1987).
 
 
 7
 We also conclude that the district court did not err by dismissing Vieira's claim that Miranda was deliberately indifferent to his safety by calling him a snitch in the presence of other inmates. Cf. Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir.1989) (concluding that prisoner had stated a claim under similar circumstances but also alleged that inmates had threatened him based on being labelled a snitch).
 
 
 8
 Finally, because Vieira can pursue the free exercise claim presented in his supplemental complaint in a separate action, we cannot conclude that the district court abused its discretion in denying his motion to file a supplemental complaint. See Keith, 858 F.2d at 473.
 
 
 9
 We reject Vieira's remaining claims as meritless.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3