8 F.3d 34
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RANDAL N. WIIDEMAN, Plaintiff-Appellant,
v.
JAMES POTTER, Individually, Defendant-Appellee.
 No. 93-15649.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randal N. Wiideman, a Nevada state prisoner, appeals pro se the district court's summary judgment against him in his 42 U.S.C. § 1983 civil rights action. The district court determined that defendant Potter, a prison doctor, did not show deliberate indifference to Wiideman's serious medical needs. The district court further determined that Wiideman did not proffer sufficient evidence to show that he was transferred to a different prison in retaliation for filing a lawsuit against Potter. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We affirm in part, vacate in part, and remand.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 Medical Treatment Claim
 
 4
 Wiideman alleges that defendant Potter, a physician at Ely state prison, discontinued his medical treatment for irritated bowel syndrome, causing him severe pain.
 
 
 5
 To establish a violation of the eighth amendment, a prisoner must show that prison officials demonstrated deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A prisoner must show that prison officials have purposefully ignored or failed to respond to the prisoner's pain or medical need in order to establish medical indifference. Id. at 1060.
 
 
 6
 In his motion for summary judgment, Potter submitted affidavits from himself and Dr. Karen Gedney. Potter's affidavit states that discontinuing Wiideman's Donnatol, the prescription drug he was taking for his condition, was proper because this drug is designed for short term use only and can have an addictive effect. Gedney's affidavit states that discontinuance of Donnatol is proper medical treatment. She also avers that Wiideman was regularly seen by medical personnel regarding his health complaints, and Potter regularly reviewed the care Wiideman was receiving. Potter also submitted exhibits showing that Wiideman was given alternative medications for his condition.
 
 
 7
 In his response to Potter's motion, Wiideman also submitted an affidavit from Gedney. In that affidavit Gedney states that, based on her examination of Wiideman, he is suffering from irritated bowel syndrome, a condition requiring medical care. She also states that although discontinuance of Donnatol is medically appropriate, some form of treatment and a substitute medication is required to treat irritable bowel syndrome. Wiideman also submitted affidavits from himself and others, attesting to the severe pain he suffered when his medication was discontinued. Wiideman's own affidavit states that Potter discontinued his Donnatol in October, 1990, without examining him, and refused all requests to restore the prescription. In addition, Wiideman submitted information sent to him by the National Institute of Health, characterizing irritable bowel syndrome as a serious disease.
 
 
 8
 We conclude that Wiideman has not shown that the care he received was constitutionally inadequate. Wiideman has presented sufficient evidence to show that he is suffering from irritable bowel syndrome, a serious medical condition. See McGuckin, 974 F.2d at 1059. However, Potter submitted evidence that Wiideman was treated with alternative medications and was seen by medical personnel. Potter also submitted evidence that he reviewed Wiideman's medical treatment regularly. Wiideman has not presented evidence sufficient to show that Potter purposefully ignored or failed to respond to his medical needs. See McGuckin, 974 F.2d at 1060. Because Wiideman has not come forward with sufficient evidence of the essential elements of his claim, summary judgment was properly granted. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 Retaliation Claim
 
 9
 Wiideman contends that he was transferred to a more restrictive housing unit in retaliation for reinstating his lawsuit against Potter alleging violation of his eighth amendment rights.[1]
 
 
 10
 Prisoners have a fundamental right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). A prisoner's pursuit of legal actions is protected by the first amendment. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985). In order to prove that prison officials have unconstitutionally retaliated against a prisoner for exercising his first amendment rights, a prisoner must show not only that his actions were protected by the first amendment, but also that the prison officials' allegedly retaliatory acts did not advance a legitimate penological goal, or were not narrowly tailored to achieve that goal. Id. at 532.
 
 
 11
 In Wiideman's response to Potter's motion for summary judgment, he alleges that he was transferred from the protective custody unit of the Ely State Prison to the Nevada State Prison in Carson City, Nevada, because he reactivated his medical indifference lawsuit against Potter. Wiideman's own affidavit states that his transfer took place "almost immediately" after he reinstated the lawsuit. Wiideman also avers that he was told by the Chief Physician that he was being transferred on Potter's request because of the lawsuit. Wiideman also submitted two affidavits from other inmates, who state that they overheard a conversation between Potter and another inmate in which Potter stated that Wiideman was transferred because of the lawsuit. Wiideman also submitted an affidavit from his mother, stating that both the director and the chief physician of the Nevada Department of Prisons told her that her son had been transferred on Potter's request because Potter was "angry about the lawsuit."
 
 
 12
 In his motion for summary judgment, Potter contends that Wiideman was transferred because of his continuous harassment of Potter. Potter submitted a letter from the medical director of the Nevada Department of Prisons, indicating that Wiideman had accused Potter of malpractice, drug abuse, being a convicted felon, and being "a little fat dictator with a Hitler mentality." The letter also indicated that Potter had considered quitting his job because of this harassment. Potter also submitted a grievance response form stating that Wiideman was transferred because of his harassment of Potter. Potter also submitted several documents signed by Wiideman, in which Wiideman blames his transfer on incidents other than his lawsuit against Potter.
 
 
 13
 Wiideman's act of pursuing a lawsuit against Potter for medical indifference is protected under the first amendment. See Rizzo, 778 F.2d at 531. Potter has submitted evidence indicating that Wiideman was transferred because he harassed Potter. Potter argues that transferring Wiideman thus served the legitimate penological goal of allowing Potter to do his job. Wiideman has controverted that showing with evidence indicating that Potter had Wiideman transferred directly after Wiideman reinstituted his lawsuit[2], and that he was transferred solely because of the lawsuit. Viewing the evidence in the light most favorable to Wiideman, we find that there remains a genuine issue of material fact regarding the motive for his transfer. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir.19891) (summary judgment is inappropriate in retaliation claim when plaintiff and defendant submit contradictory affidavits regarding whether allegedly retaliatory action occurred); see also Rizzo, 778 F.2d at 532 (inmate's allegation that defendant's action was purely retaliatory sufficiently alleges that the action did not serve any legitimate penological goal).
 
 
 14
 Because Wiideman has presented evidence sufficient to establish the necessary elements of his retaliation claim, summary judgment should not have been granted. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045. Accordingly, we vacate the district court's summary judgment regarding the retaliation claim, and remand for further proceedings.
 
 
 15
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to Wiideman, he voluntarily dismissed his lawsuit against Potter "with the understanding that Potter would begin treating/caring for [Wiideman's] condition." When this did not occur to Wiideman's satisfaction, he reinstituted his medical indifference lawsuit
 
 
 [2]
 Evidence that the defendant's allegedly retaliatory action took place immediately following the inmate's protected activity may allow an inference of retaliatory motive. Cf. Smith v. Maschner, 899 F.2d 940, 949 (10th Cir.1990)