963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ervin T. VALANDINGHAM, Jr., Plaintiff-Appellee,
v.
Randy MOEN, Defendant-Appellant.
 No. 91-15714.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1992.*
Decided May 14, 1992.
 
 Before CHOY, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy Moen appeals the district court's denial of post-trial motions following a jury verdict in favor of Ervin T. Valandingham, Jr., on his 42 U.S.C. § 1983 claim that Moen violated his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Moen was a guard in the prison library. Valandingham alleged that Moen called him a "snitch," intending to subject him to harm by fellow inmates, in retaliation for attempts to seek legal redress for grievances. In Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir.1989), we held that Valandingham's allegations stated a claim for relief under § 1983. At trial, Valandingham testified that as a result of Moen's conduct, he was assaulted twice, once in 1986 in the "chow hall," and again in 1988. He could not say who was involved in the chow hall assault, and would not say who was involved in the 1988 incident. The district court accordingly struck evidence of the 1988 assault. The jury awarded Valandingham $1 in nominal damages and $4,000 in punitive damages.
 
 
 4
 Moen's motions for judgment notwithstanding the verdict, for a new trial, and to amend the judgment were denied.[1] We review for abuse of discretion the denial of the motion for a new trial and the motion to amend the judgment. Hard v. Burlington N.R.R., 812 F.2d 482, 483 (9th Cir.1987) (motion for new trial); Thompson v. Housing Authority of the City of Los Angeles, 782 F.2d 829, 832 (9th Cir.) (motion for relief from judgment), cert. denied, 479 U.S. 829 (1986).
 
 II
 
 5
 Moen argues that Valandingham failed to prove that he suffered actual injury as a result of Moen's conduct because the district court excluded the only evidence of harm--the two alleged assaults--after Valandingham refused to name his assailants. The trial judge, however, only struck evidence of the 1988 assault. Evidence of the 1986 assault was properly before the jury, and supports its finding that Valandingham suffered harm on account of Moen's depriving him of the constitutional right to be free from cruel and unusual punishment.
 
 
 6
 Moen's argument that the evidence was insufficient to go to the jury likewise fails. Valandingham testified that on several occasions Moen obstructed his attempts to seek legal redress, called him a "snitch" in the prison law library, and told other inmates in the library that he was a "snitch." Valandingham testified that Moen played a leading role in labeling him a "snitch." William Hood, a fellow inmate, testified that he heard Moen call Valandingham a "snitch"; Hood also testified that when he filed a suit against Moen, Moen had threatened Hood by saying, "I'm going to put the word out on the yard that you're a snitch and have you killed." Valandingham further testified that he was threatened with harm in the prison chow hall in 1986 because of the rumors Moen had started by labeling him a "snitch."
 
 
 7
 Nor does Valandingham's failure to utilize protective custody require reversal. Valandingham and Hood testified that entering protective custody would only heighten inmates' suspicions about an alleged "snitch" and would ultimately lead to greater danger. Because the evidence was sufficient to support the jury's verdict, the district court did err in failing to grant a directed verdict, or abuse its discretion in denying Moen's motion for a new trial or to amend the judgment.
 
 III
 
 8
 Moen also argues that the instructions (1) "improperly create[d] a presumption of prisoner retaliation and danger" for those who are labelled snitches, (2) obviated the need for proof of "pervasive, assaultive or life-threatening prison conditions," and (3) prejudiced him by "lessening the scienter of a wanton and obdurate state of mind ... required to establish an Eighth Amendment violation."
 
 
 9
 Moen relies on Gullatte v. Potts, 654 F.2d 1007 (5th Cir.1981), and Riley v. Jeffes, 777 F.2d 143 (3d Cir.1985). In Gullatte and Riley the plaintiffs alleged a failure to protect. As the district court in this case recognized, Valandingham's was not a failure to protect claim, but "essentially a claim that in retaliation for the exercise of the plaintiff's protected rights, the defendants subjected the plaintiff to cruel and unusual punishment ... in that they each wantonly and in reckless disregard of the plaintiff's safety labeled him a snitch and disclosed that to the population generally." The district court was therefore obligated to instruct that Valandingham must show injury caused by Moen's intentional, willful conduct.
 
 
 10
 It did just that. The court instructed that "[m]ere verbal harassment or verbal abuse by prison defendants against the plaintiff is not sufficient without actual harm arising therefrom to permit a finding of a constitutional violation of the plaintiff's right to ... freedom from cruel and unusual punishment." It also told the jury that the burden was on Valandingham to prove that Moen "acted maliciously with the intent to inflict harm or pain upon [him]." The instructions further said that in considering whether Moen infringed upon Valandingham's constitutional rights, the jury should consider "whether [Moen's] conduct was done in a good faith effort to maintain or restore discipline or instead was done maliciously and sadistically for the very purpose of causing harm." Finally, the court instructed that "[a] mere mistake or negligent act on the part of a state official cannot be [a] constitutional violation under ... plaintiff's ... cruel and unusual punishment claim because ... cruel and unusual punishment must rise from an intentional act." Viewing the instructions "as a whole," Floyd v. Laws, 929 F.2d 1390, 1394 (9th Cir.1991), we conclude that the instructions "fairly and adequately covered the issues presented, correctly stated the law, and were not misleading." Id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Moen's brief mentions that this case presents an issue of whether punitive damages were properly awarded where only nominal damages were awarded, he does not pursue the point. Because it is not argued, we shall not review that issue. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned."). Moen has also withdrawn the argument that he may not be personally liable for damages because he was acting in an official capacity