51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny BOYD, Plaintiff-Appellant,
v.
PARKER, Correctional Officer, Oregon State Penitentiary,
individually in his official capacity, Defendant-Appellee.
 No. 94-35756.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Boyd, an Oregon state prisoner, appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. Sec. 1983 action against prison guard Luke Parker. Appellant contends that by labelling him a "snitch," Parker violated his constitutional rights to be protected from violence. We review de novo, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1139 (9th Cir.1994), and we affirm.[1]
 
 I.
 
 3
 The qualified immunity doctrine protects government officials from civil liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Therefore, regardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir.1991).
 
 
 4
 Here, Parker allegedly told another inmate, "Why don't you snitch me off to Captain Leavitt like Boyd did?" After he made the comment, Parker was verbally reprimanded by Captain Leavitt, and he apologized to appellant for his poor choice of words. Later, after appellant filed his district court complaint, an Internal Affairs investigator exonerated Parker. We concur with the reasons set forth in the district court's well-reasoned order that the instant case is distinguishable from the facts of a similar "snitch" case, Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989). Thus, Parker is entitled to qualified immunity on the "snitch" claim because his conduct did not violate clearly established rights.
 
 II.
 
 5
 We similarly hold that the district court did not err in dismissing appellant's claim of conspiracy. Appellant did not adequately plead a conspiracy. See Schucker v. Rockwood, 846 F.2d 1202, 1205 (9th Cir.), cert. denied, 488 U.S. 995 (1988). Parker submitted evidence that adequately explained and refuted Boyd's allegations of retaliatory conspiracy. These included Boyd's removal to a different cell block and the confiscation of some of Boyd's possessions. Merely alleging the ultimate fact of retaliation is not sufficient in making a conspiracy claim. See Rizzo v. Dawson, 778 F.2d 527, 532 n. 4 (9th Cir.1983).
 
 III.
 
 6
 Appellant has also provided no evidence to substantiate his claims of racial discrimination by prison officials, except for his allegation that Parker caused him to miss his hot evening meals during the Islamic holiday of Ramandan. The district court correctly dismissed appellant's action without reaching the issue of racial discrimination because Boyd provided no evidence to indicate that race played a factor in any incident. It is incumbent upon the plaintiff to prove a discriminatory intent or purpose when seeking to show a violation of the Equal Protection Clause. See Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252 (1977). Appellant did not meet this standard.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny appellant's motion for a stay of proceedings in this case