112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray Donald PRATT, Plaintiff-Appellant,
v.
Roger CRIST, Warden, Defendant-Appellee.
 No. 96-16486.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ray Donald Pratt, a former Arizona state inmate, appeals pro se the district court's grant of summary judgment in favor of the defendant in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights in processing a prison grievance. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. See id.
 
 
 4
 Pratt first states that the district court "abused its discretion on summary judgment in taking its view of my equal protection claim rather than simply asking whether my view was supportable under the facts and the law." We interpret this as a general contention that the district court erred by granting summary judgment for the defendant on Pratt's claim that prison officials impermissibly denied him access to the prison grievance procedure while others similarly situated were not so adversely treated, in violation of the Equal Protection Clause. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988) (stating that the court of appeals has an obligation to liberally construe pro se appellate briefs). This contention fails. Although a prisoner's constitutional right of access to the courts extends to an established prison grievance procedure, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995) (citing Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989)), Pratt failed to present any evidence that he was adversely treated as a result of an improper classification. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995). Accordingly, the district court properly granted summary judgment to the defendant on Pratt's equal protection claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 5
 Pratt next argues that the district court abused its discretion by denying his motion to compel discovery on the ground that his discovery request was untimely. We review the district court's rulings concerning discovery for an abuse of discretion. Ah Moo v. A.G. Becker Paribas, Inc., 857 F.2d 615, 619 (9th Cir.1988). The district court has broad discretion in supervising the pretrial phase of litigation. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.1992).
 
 
 6
 The district court properly exercised its discretion in denying Pratt's discovery request as untimely. Pratt submitted his request for production of documents on the last day of the period within which the district court had ordered that discovery be completed. The responding party has thirty days to serve a written response to such a request. See Fed.R.Civ.P. 34(b). Thus, the district court reasonably concluded that, in order to meet the discovery deadline, Pratt should have tendered his request for documents at least thirty days before the discovery-completion deadline. Although Pratt contends that the district court erred by applying this requirement to a pro se litigant, a pro se litigant is obligated to "follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3