**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAMEION DOUGLAS,

Plaintiff - Appellant,

v.

OREGONIAN PUBLISHING CO.; et al.,

Defendants - Appellees.

No. 08-35509

D.C. No. 6:07-cv-01811-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Oregon state prisoner Dameion Douglas appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims related to

being falsely labeled an informant.  We review de novo a dismissal for failure to

state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).  *Resnick v. Hayes*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed Douglas's claims against the private defendants who published allegedly defamatory statements about Douglas because he failed to allege that they acted under color of state law as joint actors with the state or under state compulsion. *See Johnson v. Knowles*, 113 F.3d 1114, 1119-20 (9th Cir. 1997) (state compulsion test); *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991) (conclusory allegations of conspiracy do not satisfy joint action test).

Although the district court overlooked Douglas's claims against the state defendants, all but one fail because Douglas did not sufficiently allege a cognizable constitutional harm from being falsely labeled an informant. *See Paul v. Davis*, 424 U.S. 693, 698 (1976) (§ 1983 defamation claim requires violation of protected liberty or property interest under stigma-plus test); *WMX Techs., Inc. v. Miller*, 80 F.3d 1315, 1320 (9th Cir. 1996) (defamation and further constitutional injury must be directly caused by state, not third party reacting to state's defamatory comment), *appeal dismissed on other grounds*, 104 F.3d 1133 (9th Cir 1997) (en banc).

However, Douglas alleged that other inmates threatened him as a result of

the state defendants' actions in falsely labeling him a "snitch," which sufficiently alleges a Fourteenth Amendment violation of his right to safety while in custody. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1988) (alleged state action in labeling inmate a "snitch" can state Fourteenth Amendment claim); *see also DeShaney v. Winnebago Cnty. Dep't. of Soc. Servs.*, 489 U.S. 189, 198-200 (1989) (state's "special relationship" with inmates requires it to protect them from harm); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061, 1064 (9th Cir. 2006) (state must protect individuals against known and obvious state-created danger).

We therefore affirm the district court's judgment of dismissal as to the private defendants; vacate in part its judgment as to the state defendants only on Douglas's Fourteenth Amendment claim; and remand for further proceedings, including, as appropriate, reinstatement of the state law claim over which the district court declined supplemental jurisdiction.

Douglas's remaining contentions are unpersuasive.

The Oregon Attorney General's motion to withdraw as counsel for appellees is granted, and its earlier motion to appear for these parties is denied as moot.

Douglas's request for judicial notice and to file a corrected brief is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**